UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HUDSON CONSTRUCTION COMPANY, | Civil Action No.  2:18-cv-642-BHH |
| Plaintiff, | |
| vs. | |
| MARTIN MARIETTA MATERIALS, INC., | **OPINION AND ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff Hudson Construction Company's ("Hudson") motion to alter or amend (ECF No. 60) the Court's findings of fact and conclusions of law (ECF No. 58) and final judgment (ECF No. 59). For the reasons set forth below, the motion to alter or amend is denied.

## BACKGROUND

This matter came before the Court for a bench trial on March 23–24, 2021. (ECF Nos. 55 & 56.) On March 26, 2021, the Court entered written findings of fact and conclusions of law, and entered judgment in favor of Defendant Martin Marietta Materials, Inc. ("Martin Marietta"). (ECF No. 58 & 59.) Specifically, the Court found and concluded that Hudson's seven causes of action failed as a matter of law and that Hudson's failure to pay $20,850.00 in past due invoices for accepted material constituted a breach of the parties' contracts. (*Id.*) The Court found in favor of Martin Marietta on its counterclaim for breach of contract against Hudson. (*Id.*)

Hudson filed the instant motion to alter or amend on April 24, 2021; the motion is fully briefed and ripe for disposition. (ECF Nos. 60, 63, 64.) Thus, the Court issues the following ruling.

1

## STANDARD OF REVIEW

A court may grant a motion to alter or amend under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citation and quotation marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). The Fourth Circuit Court of Appeals has stated that "mere disagreement" with the district court's ruling does not support a Rule 59 motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Moreover, "Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result." *Ridgeway v. Stevenson*, 2011 WL 1466325, at *2 (D.S.C. Apr. 15, 2011) (citing *Hutchinson*, 994 F.2d at 1082).

## DISCUSSION

In its motion to alter or amend, Hudson has asserted neither any change in controlling law nor the existence of new evidence not previously available. Rather, Hudson has asserted, but failed to establish, that the Court's ruling is based on errors of law and would result in manifest injustice. Because Hudson has not demonstrated any of the predicate bases to reconsider the Court's ruling, the motion to alter or amend will be denied.

First, Hudson argues that South Carolina law controls one of three construction projects at issue in the case—the "Charleston Project." However, Hudson did not raise

this argument, in any substantive sense, pre-trial and it is precluded from raising it now.[1]
*See Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)
("Rule 59(e) motions may not be used . . . to raise arguments which could have been
raised prior to the issuance of the judgment, nor may they be used to argue a case under
a novel legal theory that the party had the ability to address in the first instance."). Further,
Hudson's argument is incorrect because, pursuant to the parties' Sales Agreement, North
Carolina law controlled as to the quote provided by Martin Marietta to Hudson regarding
the Charleston Project, on which Hudson purportedly relied (*see* ECF No. 60 at 4) and on
which its claims were based. (Def. Ex. 1 ¶ 13 ("The laws of the state of North Carolina
shall govern the validity, interpretation, construction and effect *of these terms and
conditions* and any Order, without regard to principles of conflict or choice of law."
(emphasis added).) Moreover, it is entirely unclear how South Carolina law, if applied to
Hudson's claims concerning the Charleston Project, would necessitate a different result.
Hudson argues that the application of South Carolina law would have permitted it to
successfully assert estoppel "such that the statute of frauds could not be used to preclude
[Hudson's] claims" (ECF No. 60 at 6), but the Court's ruling was not based upon, and did
not invoke, the statute of frauds. Rather, the Court held that damages related to the
Charleston Project were not recoverable because the project had not begun at the time
Hudson switched material suppliers, Martin Marietta supplied no material in connection

---

[1] During the trial, Hudson made cursory arguments to the effect that no contract between the parties was formed with respect to the "Greenville Project" and the Charleston Project because the Sales Agreement required the existence of a separate *sales order* before an agreement was reached regarding any particular delivery, and because there was no evidence of a sales order except as to the "Charleston Colleton Project." However, the relationship between the parties was governed by the Sales Agreement, which was indeed a contract, and the quote provided by Martin Marietta to Hudson as to the Charleston Project was subject to the terms and conditions of the Sales Agreement. (*See* Def. Ex. 1 ¶ 7 ("The prices indicated in any quotation are based on these Terms and Conditions and the customary production and delivery practices of Seller.").)

with the project, and no sales order had been issued. (ECF No. 58 at 12 n.2.) Hudson has not demonstrated any clear error of law in this regard and the motion to alter or amend on this basis is denied.

Second, Hudson asserts that it proved Martin Marietta supplied defective material and replacement material. (ECF No. 60 at 6–10.) This portion of Hudson's motion impermissibly rehashes the same arguments and facts presented at trial, which were considered and rejected by the Court. *See Ridgeway*, 2011 WL 1466325, at *2. The Court determined that Hudson failed to show by a preponderance of the evidence that the material supplied by Martin Marietta did not meet SCDOT specifications at the time of shipment. The Court further found that the sole remedy provision for the furnishing of replacement material in the Sales Agreement and Charleston Colleton Project Sales Order did not fail of its essential purpose. Those findings are well supported by the record and Hudson has not demonstrated any clear error of law. Further discussion of these issues would be a waste of judicial resources. The motion to alter or amend on this basis is denied.

## **CONCLUSION**

For the reasons set forth above, Hudson's motion to alter or amend (ECF No. 60) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 5, 2022
Charleston, South Carolina